### HOMAN et v LIGHTNER et

Ohio Appeals, 9th Dist, Wayne Co

No 937.   Decided Oct 17, 1935

Wm. R. Thom, Canton, Urban Wernet, Canton, and Weiser & Weimer, Wooster, for plaintiffs in error.

Starn & Etling, Wooster, for defendants in error.

## OPINION

By WASHBURN, J.

We are of the opinion that said judgment of the Common Pleas Court, and said order of the Probate Court, should be reversed.

Said §10509-134, GC, applies to a claim that "has not been presented within the time prescribed by law," and there is nothing in the section indicating that it has any application to a claim which has been presented and allowed and which the Probate Court has ordered rejected under §10509-135, GC. The holder of a claim which is rejected pursuant to such an order,

is required by the succeeding section—§10509-136 GC—to bring his action against such administrator or executor to enforce it "within two months after its rejection," and it certainly was not intended by §10509-135, GC, to authorize the Probate Court to make an order which, under certain circumstances, might nullify or affect the operation of the limitation contained in §10509-136, GC.

The limitations with reference to actions concerning the estate, and the limitations of time within which accounts are to be presented and distribution of assets made, together with the other provisions of the Probate Code, show very plainly that the changes made therein were made for the purpose of expediting the settlement of estates, and the provisions of the code should be construed and administered so as to carry out such purpose.

Under the circumstances shown by the record in this case, the order of the Probate Court in question was unauthorized, and said order and the judgment of affirmance of the Common Pleas Court are reversed, and the cause is remanded to the Probate Court.

FUNK, PJ, and STEVENS, J, concur in judgment.